# Protass Law PLLC

260 Madison Avenue
22nd Floor
New York, NY 10016

T: 212-455-0335
F: 646-607-0760
hprotass@protasslaw.com

January 27, 2025

VIA ECF

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    U.S. Securities and Exchange Commission v. David Kushner
                  and La Mancha Funding Corp., Case No. 24-CV-8900 (LGS)

Dear Judge Schofield:

      This firm represents defendants David Kushner and La Mancha Funding Corp. in the referenced matter. Pursuant to Rule III.A.1 of this Court's Individual Practice Rules, I write to respectfully request a pre-motion conference concerning an anticipated motion requesting that this Court enter a stay of the proceedings herein because of and pending resolution of a parallel criminal case, *People v. David Kushner*, Indictment No. 75099/2024, brought by the Manhattan District Attorney's Office in Supreme Court, New York County (the "NY Criminal Case") that has significant factual overlap with the allegations in the SEC's complaint herein. I have spoken with Russell Feldman, Esq., counsel for plaintiff U.S. Securities and Exchange Commission, who advised me that the SEC will not under the circumstances oppose entry of a stay of the proceedings herein.

      A.    Background

      On or about November 15, 2024 the Manhattan District Attorney's Office secured an indictment (the "Indictment") charging Mr. Kushner with five counts of Grand Larceny in the Fifth Degree (N.Y. Penal Law § 155.50(1)), one count of Grand Larceny in the Third Degree (N.Y. Penal Law § 155.35(1)) and one count of Scheme to Defraud (N.Y. Penal Law § 190.65(1)(B)) arising from his alleged operation of La Mancha Funding Corp. ("La Mancha"). Approximately one week later, on November 21, 2024 the SEC filed the complaint herein, charging Mr. Kushner and La Mancha with violations of the federal securities laws arising from the same conduct as that charged in the Indictment. (ECF No. 1.) No substantive activity has taken place since the filing of the SEC's complaint – that is, Mr. Kushner has not answered or

filed a motion challenging the SEC's complaint and the parties have not engaged in any discovery. Moreover, on January 14, 2025 this Court entered an Order (at the parties' request) rescheduling the initial pretrial conference from January 22, 2024 to February 25, 2025 and extending the date upon which the parties are required to file a proposed case management plan from January 15, 2025 to February 18, 2025. (ECF No. 12.)

### B. Applicable Law

District courts have the inherent authority to stay proceedings in the civil cases for which they are responsible. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). A stay of proceedings in a civil case is particularly appropriate where, as here, a criminal indictment based upon the same alleged conduct has been filed. *See SEC v. Doody*, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002) ("Once an indictment has been returned, the government often moves for and frequently obtains relief preventing a criminal defendant from using parallel civil proceedings to gain premature access to evidence and information pertinent to the Criminal Case"); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1011 (E.D.N.Y. 1992) ("courts are more likely to grant [a stay] when an indictment has already been issued"). Thus, this Court "may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice seem . . . to require such action, sometimes at the request of the prosecution . . . sometimes at the request of the defense." *SEC v. Dressler*, 628 F.2d 1368, 1375 (D.C. Cir. 1980). In making such a determination, courts should balance the following considerations (referred to herein as the "Six Factors"):

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Hicks v. City of N.Y.*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003). *See also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012) (balancing the Six Factors in the context of a motion to stay proceedings "act[s] as a rough guide for the district court as it exercises its discretion" and opining that a court's decision as to whether to stay of civil proceedings "ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case") (internal citation and quotation marks omitted).

### C. Discussion

The relevant elements of the Six Factors favor entry of a stay of the proceedings herein. Initially, and perhaps most importantly, there is significant overlap between the factual allegations in the NY Criminal Case and the SEC's complaint herein. Because of that overlap,

Mr. Kushner will not be prejudiced by entry of a stay. Indeed, Mr. Kushner seeks entry of a stay. And we respectfully submit that this Court will not be inconvenienced by entry of a stay because resolution of the NY Criminal Case potentially could narrow or eliminate factual issues herein. *See*, *e.g.*, *United States v. Mellon Bank*, 545 F.2d 869, 873 (3d Cir. 1976) (affirming a stay of discovery and stating that "it might well have been that resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case"). *Brock v. Tolkow*, 109 F.R.D. 116, 119-20 (E.D.N.Y. 1985) (noting, in staying a civil case, that "the resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues"). Indeed, numerous courts in the Second Circuit have acknowledged that the filing of an indictment based upon the same alleged conduct as that upon which parallel civil case is based (as here) strongly favors a stay of a civil proceedings, per the "status of the case" test. *See*, *e.g.*, *SEC v. McGinnis*, Case No. 14-CV-6 (CR), 2016 WL 591764, at *3-4 (D. Vt. Feb. 12, 2016) (discussing how "status of the case" factor weighs in favor of stay when criminal indictment is imminent or has been filed and granting defendant's request for stay of parallel SEC action over SEC's objection); *Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (noting that "[t]he strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter"). Finally, as detailed above, the SEC does not under the circumstances oppose entry of a stay.

      Accordingly and for the foregoing reasons, we respectfully request that this Court schedule a pre-motion conference to authorize Mr. Kushner's filing of a motion to stay the proceedings herein (or enter an Order authorizing the filing of such a motion).

Respectfully submitted,

/s/

Harlan Protass

cc:    All Counsel of Record (via ECF)