UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID KUSHNER and LA MANCHA FUNDING
CORP.,

Defendants.

---

24 Civ. 8900 (LGS)

So Ordered.

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

The Clerk of Court is respectfully
directed to close the motion at Dkt. 32.

Dated: July 2, 2026
New York, New York

**JUDGMENT AS TO DEFENDANT DAVID KUSHNER**

The Securities and Exchange Commission (the "Commission") having filed a Complaint

and Defendant David Kushner ("Defendant") having entered a general appearance; consented to

the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of

this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal

from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)    to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in light of the circumstances under

which they were made, not misleading; and/or

(c)    to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii)

disseminating false or misleading documents, materials, or information or making, either orally or

in writing, any false or misleading statement in any communication with any investor or

prospective investor, about:

(A) any investment strategy or investment in securities;

(B) the prospects for success of any product or company;

(C) the use of investor funds;

(D) compensation to any person;

(E) Defendant's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal

Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents,

servants, employees, and attorneys; and (b) other persons in active concert or participation with

Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Sections 17(a) of the Securities Act of 1933

(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud; and

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities;

(B) the prospects for success of any product or company;

(C) the use of investor funds;

(D) compensation to any person;

(E) Defendant's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with

Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant is permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(1) and (2)] by, while acting as an investment adviser, using the mails or any means or instrumentality of interstate commerce:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

    (A) any investment strategy or investment in securities;

    (B) the prospects for success of any product or company;

    (C) the use of client funds;

    (D) compensation to any person;

    (E) Defendant's qualifications to advise clients; or

    (F) the misappropriation of client funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers,

4

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by directly or indirectly, while acting as an investment adviser to any pooled investment vehicle, using the mails or any means or instrumentality of interstate commerce:

a)    to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

b)    to otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any investor or prospective investor, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities;

(B) the prospects for success of any product or company;

(C) the use of investor funds;

(D) compensation to any person;

5

(E) Defendant's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Securities Act Section 20(e) [15 U.S.C. § 77t(e)] and Exchange Act Section 21(d)(2) [15 U.S.C. § 78u(d)(2)], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Exchange Act Sections 21(d)(1) and 21(d)(5) [15 U.S.C. § 78u(d)(1) and (5)], Securities Act Section 20(b) [15 U.S.C. § 77t(b)], and Advisers Act Section 209(d) [15 U.S.C. § 80b-9(d)], Defendant is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Kushner, participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent Kushner from purchasing or selling securities for his own personal account.

VII.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Securities Act Section 20(d) [15 U.S.C. § 77t(d)], Exchange Act Sections 21(d)(3), (d)(5), and (d)(7) [15 U.S.C. §§ 78u(d)(3), (d)(5), and (d)(7)], and Advisers Act Section 209(e) [15 U.S.C. § 80b-9(e)], and, if so, the amount(s) of the disgorgement and/or civil penalty.  If disgorgement is ordered, Defendant

6

shall pay prejudgment interest thereon, calculated from April 28, 2021, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion:  (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Amended Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities

laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

Bankruptcy Code, 11 U.S.C. § 523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID KUSHNER and LA MANCHA FUNDING
CORP.,

Defendants.

24 Civ. 8900 (LGS)

---

**CONSENT OF DEFENDANT DAVID KUSHNER**

1.      Defendant David Kushner ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the Complaint in this action. Specifically, in *People of the State of New York v. David Kushner*, Ind. No. 75099-2024 (N.Y. Sup. Ct.) (the "NY Criminal Case"), Defendant pleaded guilty to the indictment, which charged five counts of Grand Larceny in the Second Degree (N.Y. Penal Law § 155.40(1)), one count of Grand Larceny in the Third Degree (N.Y. Penal Law § 155.35(1)), and one count of Scheme to Defraud in the First Degree (N.Y. Penal Law § 190.65(1)(b)). This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in the NY Criminal Case.

3.      Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2), and (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8];

(b) permanently prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78l] or that is required to file reports pursuant to Exchange Act Section 15(d) [15 U.S.C. § 78o(d)], pursuant to Securities Act Section 20(e) [15 U.S.C. § 77t(e)] and Exchange Act Section 21(d)(2) [15 U.S.C. § 78u(d)(2)]; and

(c) permanently restrains and enjoins Defendant from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal account.

4.    Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Securities Act Section 20(d) [15 U.S.C. § 77t(d)], Exchange Act Sections 21(d)(3), (d)(5), and (d)(7) [15 U.S.C. §§ 78u(d)(3), (d)(5), and (d)(7)], and Advisers Act Section 209(e) [15 U.S.C. §

2

80b-9(e)], and, if so, the amount(s) of the disgorgement and/or civil penalty. Defendant further agrees that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from April 28, 2021, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

5.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

7.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

3

8.    Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9.    Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.    Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

11.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any

4

disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

12.     Defendant stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.



Dated: 6/4/26

_____
David Kushner

On JUNE 4th ___, 2026, David Kushner, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

GREGORY FLEURANT JEAN
Notary Public - State of Florida
Commission # HH 786155
My Comm. Expires Apr 1, 2030

6